NIMAN J. KARAM, PET'R *vs.* HAROLD C. MARDEN ET AL.

Somerset.     Opinion January 21, 1930.

*H. R. Coolidge,* for petitioner.
*A. D. Billings,* for respondents.

SITTING: DEASY, C. J., DUNN, BARNES, PATTANGALL, FARRINGTON, JJ.

BARNES, J.   This is on exception to the decree of a Justice sitting at *nisi prius,* denying petitioner's prayer that the defendants, as Justices of the Peace, bring forward their records of proceedings in the disclosure of a poor debtor.

Petitioner, the creditor, alleged that service was not made on him as required by law; and that the defendants, assuming to act under the statutes providing method of trial of facts in procedure for the relief of poor debtors, set themselves up as a court without the evi-

dence of authority prescribed by law, namely a citation, by a Justice in the county where the debtor was arrested, and under his hand and seal. At the alleged examination of the debtor, creditor was not present, either in person or by attorney.

The learned Justice before whom the petition was heard, denied the same, his decree being, "It does not affirmatively appear that the citation was not under the seal of the Justice issuing it. It does appear that the original citation was served upon the creditor who is petitioner in these proceedings, but I am not of the opinion that this is a defect in service warranting a quashing of the proceedings before the Trial Justice."

One object of our state in enacting the method of examining poor debtors was undoubtedly the commendable purpose of allowing the utterly indigent to be dismissed from prison, when incarcerated for debt.

Another was to furnish to the creditor knowledge of property of an imprisoned debtor, if such he had. These are important rights under the law; to the debtor a promise of liberty; to the creditor a pledge of restoration of property, under some circumstances.

More than a hundred years ago this court said, 3 Me., 447, "this spirit of liberality toward them (debtors in execution) has increased."

But liberality toward poor debtors is to be exercised strictly within the limitations that hedge in and direct its bestowal.

Two disinterested Justices of the Peace may, under the law, become a court, for the purpose of examining the debtor who has applied for this statutory procedure.

They are empowered by Sec. 53, Chap. 115, R. S., to "examine the citation and return" provided for in Sec. 51, and if that is "*found correct*," the authority of a tribunal may be assumed by them. *Perry* v. *Plunket*, 74 Me., 328.

The record shows that the Justices in the case at bar did not have before them the citation, under the hand and seal of its author.

The "return" of the Justices sets out, over their signature, "That the Justices examined the citation and return and upon being notified that the original citation had been served instead of a copy and that the officer had made his return on the copy and that

the original served on the creditor had a proper seal attached, etc."
More need not be said. Here was no court.
Any pronouncement of men in the premises is a nullity.
The statute was not followed; the law was disregarded.

*Exceptions sustained.*